USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/5/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REBECCA S. SERDANS,

                Plaintiff,

- against -

THE PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK,

                Defendant.

ECF CASE

09 Civ. 1304 (PGG)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING ORDER

PAUL G. GARDEPHE, U.S.D.J.:

      After consultation with counsel for the parties at the May 5, 2009 initial pretrial conference, the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Federal Rules of Civil Procedure 16 and 26(f).

1.    All parties **do not consent** to conducting further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).

2.    This case **is** to be tried to a jury.

3.    No additional parties may be joined except with leave of the Court. Except for good cause shown, any motion to join additional parties, must be filed within 30 days from the date of this Order.

4.    A party may not amend its pleadings except with leave of the Court. Except for good cause shown, any motion to amend pleadings must be filed within 30 days from the date of this Order.

5.    The parties must complete their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) no later than 14 days from the date of this Order.

6.    The parties must complete <u>fact</u> discovery no later than **September 18, 2009**.

7.    If all parties consent in writing, they may extend the following interim deadlines without application to the Court, provided that the parties complete all fact discovery by the date set forth in paragraph 6. Under this Order's interim deadlines, the parties must:

    a.    Serve initial requests for production of documents by **June 8, 2009**.

    b.    Serve interrogatories by **June 8, 2009**.

    c.    Plaintiff shall serve signed and notarized HIPAA-compliant medical authorizations with the names of Plaintiff's healthcare providers by **May 19, 2009**.

    d.    Complete depositions of fact witnesses by **September 18, 2009**.

        i.    Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii.    Plaintiff shall be deposed prior to any other depositions, but otherwise there is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv.    Consistent with Federal Rule of Civil Procedure 30(d), the parties may not extend depositions beyond one business day without prior leave of the Court.

    e.    Serve requests to admit no later than **September 14, 2009**.

8.    <u>Expert Testimony:</u> If all parties consent in writing, they may extend the following interim deadlines without application to this Court, provided that the parties complete all expert discovery by the date set forth in paragraph 8(c).

    a.    Every party-proponent that intends to offer expert testimony in respect of a claim – including any counterclaim, cross-claim or third-party claim – must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **September 25, 2009**. Every party-opponent of such claim that intends to offer expert testimony in respect of such claim must make the disclosures required by Federal Rule of Civil Procedure 26(a)(2) by **October 9, 2009**.

    b.    No party may offer expert testimony – whether designated as "rebuttal" or otherwise – beyond the scope of the opinions that the aforesaid disclosures cover, except with leave of this Court, application for which must be made no later than 7 calendar days after the latter of the dates specified in paragraph 8(a). The parties may depose all experts, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(c).

    c.    All <u>expert</u> discovery – including expert depositions, if any – must be completed no later than **October 23, 2009**.

    d.    Plaintiff has not identified issues on which she anticipates expert testimony.

    e.    Defendant anticipates expert testimony concerning Plaintiff's medical condition, related procedures, and reasonable accommodations related thereto.

2

9. <u>Settlement</u>: No later than 14 days following the close of fact discovery, all counsel must meet face-to-face for at least one hour to discuss settlement.

10. Parties may make post-discovery dispositive motions in accordance with the Court's Individual Practices and the following schedule:

    a. Parties must serve moving papers, if any, by **November 6, 2009**.

    b. Parties must serve opposition papers, if any, by **November 24, 2009**.

    c. Parties must serve reply papers, if any, by **December 4, 2009**.

11. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Federal Rule of Civil Procedure 26(a)(3).

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: **five days**.

13. At the close of discovery or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the Court will set a <u>Ready Trial Date</u>. At any time on or after the <u>Ready Trial Date</u>, the Court may call the parties to trial upon <u>48 hours' notice</u>. Therefore, counsel must notify the Court and their adversaries in writing of any potential scheduling conflicts — including, but not limited to, trials and vacations — that would prevent a trial at a particular time. Such notice must come <u>before</u> the Court notifies counsel of an <u>actual trial date, not after</u> counsel receives notification of the actual trial date. Counsel should notify the Court and all other counsel in writing, at the earliest possible time, of any scheduling problems involving out-of-town witnesses or other exigencies.

14. Where the parties resolve the case before the entry of judgment, they must submit a stipulation of discontinuance — signed by all parties — before the Court will remove the case from the trial calendar. If the parties settle within 48 hours of trial or the filing of a dispositive motion, they <u>must</u> immediately notify the Court of such settlement, and fax to the Court no less than 36 hours before their planned appearance, a stipulation of discontinuance, signed by all parties.

15. The next status conference is scheduled for **September 22, 2009 at 10:00 a.m.**, in Courtroom 18B of the United States Courthouse, 500 Pearl Street, New York, New York.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with paragraph 1(E) of the Court's Individual Practices and must be made no less than five (5) days before the expiration of the date sought to be extended.

Dated: New York, New York
      May 5, 2009

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

4